BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-07-0376-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 28, 2007

______________________________

HEATH JAMES GRIMES,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 2006-1659-L; HON. RONALD WALKER, JR., PRESIDING

_______________________________

ABATEMENT AND REMAND

__________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Heath James Grimes (appellant) appeals from his conviction for theft of property of the value of $50 or more, but less than $500.  He filed his notice of appeal on September 4, 2007.  The reporter’s record was filed on September 20, 2007, and the clerk’s record on October 10, 2007.  Therefore, appellant’s brief was due on November 9, 2007.  On November 16, 2007, a letter was sent to appellant’s attorney notifying him the brief was overdue and that the brief or response was due November 26, 2007.  To date, no brief or extension motion has been filed in this Court.

 Consequently, we abate the appeal and remand the cause to the County Court at Law No. 2 of Randall County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant is indigent; 

whether appellant desires to prosecute the appeal; and

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel’s failure to timely file an appellate brief.  
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before December 28, 2007.  Should additional time be needed to perform these tasks, the trial court may request same on or before December 28, 2007.

It is so ordered.

Per Curiam

Do not publish.